# EXHIBIT A

Case:D-1-GN-13-000296 with (2) documents

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| 1/25/2013 | PET-PL ... | ORIGINAL PETITION/APPLICATION | PLAINTIFF'S ORIGINAL PETITION AND PETITION FOR DECLARATORY J UDGMENT |
| 1/31/2013 | SRVPRO... | EXE SERVICE OF CITATION | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY |

Filed
13 January 25 A11:38
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-13-000296

CAUSE NO. D-1-GN-13-000296

| | | |
|---|---|---|
| **ROBERT MURPHY** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE** | § | |
| **COMPANY and TAMERA ROBERTS** | § | |
| **Defendants** | § | 261ST **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND
### PETITION FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE AND JURY OF THIS COURT:

COMES NOW Plaintiff, Robert Murphy complaining of Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") and Tamera Roberts.

### I. DISCOVERY CONTROL PLAN

This suit is to be governed at this time by Discovery Control Plan Level 2.

### II.     PARTIES

Plaintiff Robert Murphy is an individual residing in Travis County, Texas.

Defendant State Farm Mutual Automobile Insurance Company is a Domestic Corporation authorized to do business in Texas. This Defendant may be served with process by serving its attorney Edward F. Kaye of Skelton & Woody at 248 Addie Roy, Building B, Suite 302, Austin, Texas 78746.

Defendant Tamera Roberts is an individual employed by Defendant State Farm Mutual Automobile Insurance Company in the Auto Claims Department in Dallas, Dallas County, Texas. This defendant can be served at 17301 Preston Road, Dallas, Texas 75379.

### III.    JURISDICTION/VENUE

The County Court of Travis County has jurisdiction over this cause of action because the damages are in excess of the jurisdictional limits of this court.

Venue is proper in Travis County, Texas, under §15.002(a)(1) and §15.032 of the TEX. CIV. PRAC. & REM. CODE because Plaintiff, as policyholders of Defendant, resided in Travis County at the time this cause of action accrued.

### IV.    FACTS

Plaintiff owns an automobile insurance policy insuring against losses or damages sustained from an uninsured or underinsured motorist.   Defendant issued this policy to Plaintiff. Plaintiff regularly and fully paid his premiums and the underinsured motorist section of the policy was in full force and effect when Plaintiff sustained serious injuries in an automobile collision.

On August 15, 2007, Kassie Hammons was traveling west in the right hand lane of US 290, in Dripping Springs, Hays County, Texas, while Mr. Murphy was traveling north, in the right hand lane, on RR 12 and a third driver, Elizabeth Miller, was traveling south in the left hand lane, on RR 12.  Kassie Hammons, as cited in the police report, for blatantly disregarded a red light and crashing into Mr. Murphy's vehicle, which erratically spun out control and crashed into Elizabeth Miller's vehicle before coming to an abrupt stop.  Ms. Miller was at a complete stop attempting to turn left on US 290 prior to the impact with Mr. Murphy.  As a result of Kassie Hammons' negligence, Mr. Murphy suffered severe property damage and bodily injuries.

On or about February 3, 2009, Plaintiff made formal demand on Kassie Hammons for payment of damages in the amount of $650,000.00 or Kassie Hammons' policy limits

as full and final settlement of Plaintiff's claim. Kassie Hammons' insurer tendered the limits of its policy in the amount of $50,000.00 as full and final settlement of Plaintiff's claim.

On or about July 15, 2011, Plaintiff made formal demand on State Farm for payment of damages in the amount of $600,000.00 or the policy limits of the underinsured coverage of Plaintiff's insurance policy as full and final settlement of Plaintiff's claim. On or about July 9, 2012 Defendant Tamara Roberts, claims adjuster for Defendant State Farm, rejected Plaintiff's claim.

### V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed or have occurred.

### VI. FIRST CAUSE OF ACTION
### TEX. INS. CODE art. 21.55

Article 21.55 of the Texas Insurance Code is entitled "Prompt Payment of Claims." Defendant has put off acceptance, payment, or even rejection of Plaintiff's claim far beyond the 60-day period provided by TEX. INS. CODE art. 21.55 §3(f). Because of this delay, Defendant is liable to the Plaintiff under TEX. INS. CODE Art. 21.55 §6. This liability includes, in addition to Plaintiff's claims, 18 percent per annum of Plaintiff's damages, Plaintiff's reasonable attorney fees, and costs in the case.

### VII. SECOND CAUSE OF ACTION
### BREACH OF CONTRACT-UNDERINSURED MOTORIST CLAIM

Defendant breached the insurance contract by failing to provide coverage to Plaintiff for the damages suffered in this wreck. Defendant's breach of contract resulted in the damages to Plaintiff described below.

**Underinsured Motorist Claim.** Plaintiff holds a valid underinsured/uninsured motorist policy from Defendant. Because of his damages, Plaintiff seeks full recovery

3

under the underinsured/uninsured policy issued by Defendant, together with reasonable

attorneys' fees necessarily incurred in the prosecution of this claim.

## VIII. THIRD CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES

Defendant has violated the provisions of the DTPA by failing to provide coverage to

Plaintiff. Specifically, Defendant by and through its employees, agents, and representatives,

have committed the following violations of the Deceptive Trade Practices Act of the State

of Texas, §17.46, §A, §B, subsections:

5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve or which are prohibited by law; and

23) the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

Defendant has violated these sections by selling and accepting premium payments

on behalf of the Plaintiff, representing that if a claim is made it would be handled quickly

and fairly. The foregoing violations have resulted in the damages to Plaintiff described

below.

## IX. FOURTH CAUSE OF ACTION
## UNFAIR INSURANCE PRACTICES

By the conduct outlined above, Defendant by and through its employees, agents, and

4

representatives is guilty of unfair practices in the business of insurance, which is prohibited

by Texas Insurance Code, Article 21.21-2 entitled "Unfair Claims Settlement Practices §2

subsection (b):

> 2. "failing to acknowledge with reasonable promptness, pertinent communications with respect to claims arising under its policies";

> 4. "not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear"; and

> 5. "compelling policy holders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them."

These unfair practices have been producing causes of Plaintiff's actual damages.

## X. FIFTH CAUSE OF ACTION
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

By its conduct outlined above, Defendant has breached its common law duty of

good faith and fair dealing by denying Plaintiff's claim without any reasonable basis and by

failing to conduct a reasonable investigation to determine whether there was a reasonable

basis for denial. Defendant's breach exhibited conscious indifference to Plaintiff's rights

and welfare and its conduct has been a producing and proximate cause of actual damages to

Plaintiff.

## XI.   DAMAGES

The underinsured driver's acts and omissions were each a proximate cause of the

collision. As a result thereof, Plaintiff has suffered damages, including the following

elements, both up to the time of trial and beyond:

> a.      Plaintiff's physical pain and mental anguish;

> b.      Plaintiff's disfigurement;

5

c.      Plaintiff's physical impairment; and

d.      Plaintiff's reasonable and necessary medical care.

Considering each of these elements of damages, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

## XII. PUNITIVE DAMAGES

The bad faith denial of Plaintiff's claim by Defendants are the type of conduct which the State of Texas protects its citizens against by the imposition of punitive damages. Plaintiff prays for punitive damages in an amount to be determined by the trier of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others like it from committing similar acts in the future.

## XIII. ADDITIONAL DAMAGES

Defendant knowingly committed deceptive trade practices and unfair insurance practices. Defendant was informed of the nature of the tragedy and investigated. Defendant refused and continues to refuse to pay Plaintiff claim. By sending Defendant a demand letter pursuant to DTPA §17.50(a), Plaintiff gave Defendant a chance to reconsider its decision. Defendant continued to deny the claim.

Because of Defendant's knowing misconduct, Plaintiff is entitled to the additional damages authorized by DTPA §17.50(b)(1), including the mandatory amount to be awarded by the court and the discretionary amount to be determined by the jury. Plaintiff is further entitled to the treble damages authorized by Tex. Ins. Code Ann. article 21.21. §16.

## IVX. ATTORNEY'S FEES

Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Tex. Civ.

Prac. & Rem. Code Ann. §38.001(8); Tex. Ins. Code Ann. article 21.21, §16; and DTPA §17.50.

## XV.   JURY DEMAND

Considering each of the foregoing elements of damage, both past and future, Plaintiff has suffered actual damages far in excess of the minimum jurisdictional requirements of this Court and far in excess of the limits of the underinsured motorist coverage of Defendant. Plaintiff has requested a jury trial and tendered the appropriate fee concurrent with the filing of this suit.

## XVI. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests that the Defendant disclose, within 50 days of the service of this request, the information or material described in Tex. R. Civ. P. 194.2(a)-(l).

## XVII. RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that any and all documents and things produced by Defendant may be used at any pretrial proceeding and/or trial of this case without the necessity of authenticating said documents and things.

## XVIII. PRAYER

WHEREFORE, PREMISES CONSIDERED Plaintiff prays that Defendant be cited to appear and answer herein and that upon trial of this case, Plaintiff have judgment against Defendant for his actual damages; penalties as provided by Tex. Ins. Code; additional statutory damages under the DTPA; punitive damages; prejudgment interest;

postjudgment interest; attorneys fees; costs; and such other relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

BATRICE LAW FIRM
1114 Lost Creek Blvd., Ste 440
Austin, Texas 78746
Tel:  (512) 600-1000
Fax:  (512) 600-0217

By: _____
Paul Batrice
Texas Bar Number 24048344

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record on this the 25th day of January 2013:

**_Via Fax Number (512) 651-7001_**
Edward F. Kaye
Skelton & Woody
248 Addie Roy
Building B, Suite 302
Austin, Texas 78746

_____
Paul Batrice

8